George Washington PIERCE

v.

HEWLETT-PACKARD COMPANY and Paul G. Yewell, doing business as Yewell Associates.

Civ. A. No. 54-260.

United States District Court
D. Massachusetts.

Oct. 22, 1954.

**330**

David Rines, Robert H. Rines and Rines & Rines, Boston, Mass., for plaintiff.

Fish, Richardson & Neave and W. R. Hulbert, Boston, Mass., H. L. Kirkpatrick, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Plaintiff complains of the infringement of six patents, including claims 51, 52, 54, 55, 56, and 61 to 63 inclusive of patent No. 2,133,642. Defendant's answer among other prayers requests that this Court should declare invalid the cited patent.

Plaintiff moved for a preliminary injunction confined to defendant's asserted infringement of the claims just enumerated. He supported the motion by all the evidence he expects to offer in this case with respect to those claims. Defendant moved for a partial summary judgment declaring those claims invalid.

Both parties agree that if the Court of Appeals in American Communications Co., Inc., v. Pierce, 1 Cir., 208 F.2d 763, has adjudicated these enumerated claims void for double patenting, then this Court ought now to grant defendant's motion and deny plaintiff's motion. This is not because of estoppel by judgment—for there is no showing that the present defendant was privy to defendant in the earlier case. It is because this Court has before it all of plaintiff's testimony on the validity of these claims, this testimony corresponds with the testimony in the earlier case, and this Court should apply the principle of *stare decisis*.

What the parties disagree upon is the precise scope of the judgment rendered in the earlier case. Plaintiff contends that the Court of Appeals in the earlier case did not hold that the claims were invalid, but merely held that "patent No. 2,133,642 when read specifically on the accused combined transmitting and receiving systems discloses no invention distinct and separate from that of patent No. 1,789,496." Page 769. This argument is certainly plausible, but I reject it for the following reasons.

Plaintiff's contention selects a particular phrase from, but ignores the main thrust of, the Court of Appeals' opinion. That opinion, as a whole, shows that the Court ruled that the enumerated claims were invalid for double patenting. At pages 767–768 Judge Hartigan pointed out that in claim 2 of patent No. 1,789,-496, issued in 1931, plaintiff had set forth a specific application to a "combined transmitting and receiving system" of the Pierce crystal controlled oscillator used in an electric circuit, and that in the enumerated claims of patent No. 2,133,642, issued seven years later, plaintiff had set forth the same invention in generic form. The learned judge cited and relied upon familiar cases enunciating the doctrine that no valid patent can issue for an invention actually covered by a former patent. See page 766, col. 2, and page 768.

To accept the interpretation plaintiff places upon the Court of Ap-

peals' opinion would be so inconsistent with other principles of patent law as to be an anomaly. The validity, construction, or limits of a patentee's claim do not depend upon how the claim reads upon the construction of an alleged infringer. This is to turn the issue upside down. For the question of the scope and validity of the patent turn on the contribution and disclosure made by the patentee in the light of prior contributions to and disclosures in the particular art.

■ Having concluded that I am bound by *stare decisis* to follow the Court of Appeals in holding that the enumerated claims in patent No. 2,133,-642 are invalid, I must now consider whether to enter forthwith or temporarily to withhold a formal judgment.

■ In addition to the enumerated claims in patent No. 2,133,642 other claims in other patents are presented in this case. It would be wasteful of the time of the Court of Appeals, of this Court, and of the parties if I should now confine the evidence in this case to the other five patents here in suit, then get reversed with respect to my conclusion relating to patent No. 2,133,642, and thereafter be required to take much of the same evidence with respect to that omitted patent. It is so important to know at once if I have committed error that pursuant to Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A., I determine that there shall be entered forthwith a final judgment dismissing plaintiff's claim for relief based upon the enumerated claims of patent No. 2,133,642, and declaring, in response to defendant's first prayer, that the aforesaid patent claims are invalid, void, and unenforceable. At least the declaratory part of this judgment would seem to be appealable. Compare Judge Ford's April 15, 1953 Order for Partial Summary Judgment in Pierce v. American Communications Company, Inc., D.C.Mass., 111 F.Supp. 181, upon which the Court of Appeals acted in American Communications Co., Inc., v. Pierce, 1 Cir., 208 F.2d 763.