George Washington **PIERCE**,
Plaintiff-Appellant,

v.

**HEWLETT–PACKARD COMPANY** et al.,
Defendants-Appellees.

No. 4902.

United States Court of Appeals,
First Circuit.

Argued Jan. 6, 1955.

Decided March 30, 1955.

Rehearing Denied May 2, 1955.

David Rines and Robert H. Rines, Boston, Mass., with whom Rines & Rines, Boston, Mass., were on the brief, for appellant.

William R. Hulbert, Boston, Mass., with whom William Rymer, Jr., Fish, Richardson & Neave, Boston, Mass., and Flehr & Swain, San Francisco, Cal., were on the brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Massachusetts entered October 22, 1954, denying the plaintiff's motion for a preliminary injunction and granting the defendants' motion for partial summary judgment. In his complaint the plaintiff alleged infringement of six patents including claims 51, 52, 54, 55, 56 and 61 to 68 inclusive, of patent No. 2,133,642. The defendants, after the plaintiff moved for a preliminary injunction confined to the defendants' asserted infringement of the above enumerated claims of patent No. 2,133,642, moved for a partial summary judgment declaring those claims invalid. The district court in granting the defendants' motion based its decision on the ground that this Court in American Communications Co. v. Pierce, 1 Cir., 1953, 208 F.2d 763, certiorari denied, 1954, 347 U.S. 944, 74 S.Ct. 639, 98 L.Ed. 1092, rehearing denied 347 U.S. 970, 74 S.Ct. 775, 98 L.Ed. 1111; had adjudicated

these enumerated claims void for double patenting.

The plaintiff bases his appeal in effect on two grounds: (1) that this Court in American Communications Co. v. Pierce, supra, did not hold these claims to be invalid for double patenting and (2) that these claims are not invalid for double patenting.

The plaintiff in his construction of our opinion in the American Communications Co. case has, as Judge Wyzanski so aptly phrased it, ignored the main thrust of that opinion.

In our decision we relied on the law set forth in Miller v. Eagle Manufacturing Co., 1894, 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121, and Palmer Pneumatic Tire Co. v. Lozier, 6 Cir., 1898, 90 F. 732. It is not necessary now to repeat the language we cited in the American Communications Co. case from the Miller and Palmer Pneumatic Tire Co. opinions. It is enough to say that we found in the American Communications Co. case that the plaintiff in patents Nos. 1,789,496 and 2,133,642 made only one distinctive contribution to the "Progress of Science and useful Arts," U.S.Const. Art. I, § 8, and that was the invention of a two electrode piezo-electric crystal in a single vacuum tube circuit. The utility of this invention was that it obtained to a much greater extent than had been previously possible a constant frequency of oscillations.

The plaintiff now contends that this Court did not understand that the result obtained under his earlier patent No. 1,789,496 was a constant *beat* frequency resulting from the difference in the frequency of oscillations of the receiver and the frequency of oscillations of the transmitter. This beat is comparable to the beat produced when two tuning forks are caused to vibrate at slightly different frequencies, but in place of the tuning forks are two oscillating circuits, one in the transmitter and one in the receiver. But there is no element of invention in the idea that if one employs two circuits each of which produces oscillations at constant or stabilized frequencies the beat resulting from the difference between these two frequencies would be more stabilized and constant than would be the case if each of the circuits produced oscillations at frequencies which could not be fully controlled. In other words, it is obvious that if a transmitter is able to operate at a constant frequency and the corresponding receiver also operates at a constant frequency that any beat resulting from their combination will also be more constant than would be the case if the receiver or transmitter or both were unable to operate at a constant frequency.

The plaintiff cannot claim that patent No. 1,789,496 is a valid invention merely on the ground that through it a beat is produced for in Kintner v. Atlantic Communication Co., D.C.S.D.N.Y.1917, 241 F. 956, the use of oscillating circuits to obtain a beat was shown to be the subject of a patent antedating the plaintiff's application by almost twenty years. The plaintiff also cannot successfully contend that his earlier patent No. 1,789,496 constitutes a valid invention merely because through the employment of prior art electromechanical vibrators it obtains a more constant beat, for prior to the plaintiff's application for his patent electromechanical vibrators had been used in an attempt to stabilize the frequency of oscillations of an electric circuit. Although these earlier electromechanical vibrators were less efficient than the plaintiff's two electrode piezo-electric crystal in maintaining a constant frequency of oscillations, they did achieve some control over the frequency of oscillations and consequently when employed in transmitting and receiving equipment a more constant beat would be produced than had been possible in circuits not employing such electromechanical vibrators.

■■ The plaintiff received patent No. 1,789,496 only because of his contribution of a device which stabilized the frequency of oscillations of an electric circuit. Without this device the

patent would not have been granted. The plaintiff cannot extract this essential element and make it the subject of a subsequent patent. Palmer Pneumatic Tire Co. v. Lozier, supra, 90 F. at page 744; see Application of Horneman, 1952, 194 F.2d 108, 39 C.C.P.A., Patents, 809. The Pierce oscillator, the subject of patent No. 2,133,642 rather than the production of a constant beat, is the essential distinguishing feature of combination patent No. 1,789,496. See Application of Coleman, 1951, 189 F.2d 976, 38 C.C.P.A., Patents, 1156.

In Palmer v. John E. Brown Mfg. Co., 1 Cir., 1899, 92 F. 925, cited by the plaintiff, the patentee's combination patent was sustained on the ground that the invention of a quilting machine which was the result of combining the patentee's "mechanical movement", the subject of his basic patent, with a workholder and sewing machine required perception as such combination was not an obvious one. In the instant case, the inclusion of the plaintiff's piezo-electric oscillator in a transmitting and receiving system did not involve any element of perception, as the principal purpose of the oscillator, if not its only purpose, was in the transmission or reception of intelligence by means of high frequency currents.

The plaintiff in 1924 applied for one patent but the Patent Office erroneously required a divisional application with regard to the claims now found in patent No. 1,789,496. The Patent Office thus in effect stated that the plaintiff had two separate inventions, but we are not bound by such a holding and the patent in issue will not be sustained merely because of a requirement of division ordered by the Patent Office.

The plaintiff contends that section 121 of the Patent Act of 1952 [1] should be applied by the Court in the instant case and that this statute would prevent the use of the plaintiff's earlier patent as a reference in this case. However, the statute expressly refers to patents "* * * issuing on an application with respect to which a requirement for restriction under this section has been made * * *." The Patent Act of 1952 took effect on January 1, 1953. Plaintiff's patent No. 2,133,642 was granted on October 18, 1938. It was, therefore, impossible for the plaintiff's patent to have been issued on an application which was required to be restricted under the 1952 Act and consequently § 121 is inapplicable in the instant case. See Application of Eisler, 1953, 203 F.2d 726, 40 C.C.P.A., Patents, 913.

The judgment of the district court is affirmed.

---

1. 35 U.S.C.

"§ 121. *Divisional applications*

"If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of section 120 of this title it shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference either in the Patent Office or in the courts against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application. If a divisional application is directed solely to subject matter described and claimed in the original application as filed, the Commissioner may dispense with signing and execution by the inventor. The validity of a patent shall not be questioned for failure of the Commissioner to require the application to be restricted to one invention."