**Helen Russell PIERCE, Executrix of the Last Will and Testament of George Washington Pierce, Deceased, Plaintiff,**

v.

**AERONAUTICAL COMMUNICATIONS EQUIPMENT, Inc., Defendants.**

**Civ. A. No. 5638-M.**

United States District Court
S. D. Florida,
Miami Division.

June 15, 1961.

On Motion for Modification
Aug. 11, 1961.

Fowler, White, Gillen, Humkey & Trenan, Miami, Fla., Rines & Rines, Boston, Mass., for plaintiff.

Sydney Weintraub, Miami, Fla., Campbell, Brumbaugh, Free & Graves, New York City, for defendants.

GOURLEY, District Judge.

This protracted patent litigation relates to a group of five now expired patents which involve electrical systems and apparatus for use primarily in the science of radio communication through constant high-frequency radio waves:

Original application 695,094 was filed February 25, 1924. This application was subject to Order of Division by Patent Office. Pierce elected to file separate patent applications which were granted:

Patent 1,789,496 issued January 20, 1931
Patent 2,133,642 issued October 18, 1938
Patent 2,133,643 issued October 18, 1938
Patent 2,133,645 issued October 18, 1938
Patent 2,133,646 issued October 18, 1938
Patent 2,133,648 issued October 18, 1938
Patent 2,266,070 issued October 18, 1938

The case is presented to the court through cross-motions for summary judgment.

All matters to be considered and records in other courts have been stipulated.

Summary judgment consideration is proper since the question of infringement and/or validity of the patents involved must be determined as a matter of law.

The Court has given a full and complete opportunity to the parties to present lay or expert evidence and testimony, documents and exhibits relative to all patents. In addition, all directives were followed as enunciated in Pierce v. Aeronautical Communications Equipment, Inc., 5 Cir., 255 F.2d 458.

Plaintiff has elected to proceed only as to Patent 2,133,642 and only thirteen claims thereof: Claims 51, 52, 54, 55, 56 and 61 to 68 inclusive.

At time of trial and hearing, Patents 2,133,643, 2,133,645, 2,133,646 and 2,133,-648 were withdrawn from consideration of Court. Patent 2,266,070 was previously withdrawn from Court's consideration. Pierce v. Aeronautical Communications Equipment, Inc., supra.

Wading through the maze of records, documents, affidavits and legal expositions, succinctly stated, the sole question for the Court is as follows:

Are the thirteen claims of Patent 2,133,642 invalid on the thesis of double patenting when evaluated with Patent 1,789,496?

And if the answer is "No"—

Did the defendant infringe any or all of the thirteen claims of Patent 2,133,642 by manufacturing, using and selling electrical and electromechanical vibrator systems and apparatus including the Pierce oscillator?

There have been many chapters written in this involved, prolonged and interesting patent litigation. I think it would be acts of plagiarism to restate what has been so thoroughly and intelligently expressed by other courts.

It has been concluded and consistently held that the thirteen claims of Patent 2,133,642 are invalid for double patenting over Patent 1,789,496.[1]

Furthermore, the rule against double patenting is based upon the idea that the power to create a monopoly is exhausted by the first patent, and that a new and later patent for the same invention would operate to extend or prolong the monopoly beyond the period allowed by law. J. R. Clark Co. v. Jones & Laughlin Steel Corp., 7 Cir., 288 F.2d 279.

I agree with the well-reasoned conclusions heretofore reached, so consistently, by my eminent brethren in other courts.

The motion for summary judgment of the defendant as to Patents 2,133,643, 2,133,645, 2,133,646, 2,133,648 and 2,266,070 and all their claims is granted for lack of prosecution by the plaintiff.

The motion for summary judgment of the defendant as to Patent 2,133,642 and Claims 51, 52, 54, 55, 56 and 61 to 68, inclusive, is granted.

The motion for summary judgment of the plaintiff as to all patents and claims is refused.

### Prior Art and History of Patent Purposes

The prior art indicates that scientific means to attain constant frequency had been found to generate electrical oscillations and many efforts with much scientific knowledge had been applied to improve the means of controlling the frequency of electrical systems. The thermionic vacuum tube that was used to generate electric oscillations became heated which caused an undesirable amount of variation in the constant frequency. Pierce discovered a means whereby the frequency circuit could oscillate without employing any inductive coils or condensers and said results were attained at a remarkable constant frequency.

In the field of radio broadcasting a need had existed for controlling the frequency of oscillating electrical circuits.

[1]. Case 1: American Communications Co., Inc. v. Pierce, 1 Cir., 1953, 208 F.2d 763; certiorari denied 1954, 347 U.S. 944, 74 S.Ct. 639, 98 L.Ed. 1092; rehearing denied 1954, 347 U.S. 970, 74 S.Ct. 775, 98 L.Ed. 1111; reversing Pierce v. American Communications Co., Inc., D.C.D.Mass.1953, 111 F.Supp. 181, Judge Ford.

Case 2: Pierce v. Hewlett-Packard Co., D.C.D.Mass.1954, 125 F.Supp. 329, Judge Wyzanski; affirmed 1 Cir., 1955, 220 F.2d 531; certiorari denied 1955, 350 U.S. 833, 76 S.Ct. 69, 100 L.Ed. 744, rehearing denied 1955, 350 U.S. 897, 76 S. Ct. 149, 100 L.Ed. 789.

Case 3: Pierce v. American Communications Co., Inc. (Pierce v. Mackay Radio & Telegraph Inc.), D.C.D.Mass.1959, 159 F.Supp. 943, Judge Ford.

Case 4: Pierce v. Aeronautical Communications Equipment, Inc., Order of Judge Choate granting summary (and final) judgment (S.D. Florida, Miami Division No. 5638–M Civil, 1957) case reversed and remanded for further proceedings. 5 Cir., 1958, 255 F.2d 458.

Case 5: Pierce v. American Communications Co., Inc. (Pierce v. Mackay Radio & Telegraph Co.), D.C.D.Mass.1958, 169 F.Supp. 351, Judge Ford.

Case 6: Pierce v. American Communications Company, Inc., 1 Cir., 1960, 280 F.2d 278.

Case 7: Pierce v. Allen B. DuMont Laboratories, Inc., D.C.D.Del.1959, 178 F.Supp. 84.

Radio communication is transmitted by carrier waves which are generated from the transmitter by an alternating current of electricity flowing in and out of an antenna, composed of wires suspended in the air. Radio waves are produced when the current oscillates at a high frequency. Since communication between a sender and a receiver is possible only when both are turned to the same frequency, it is highly desirable that the frequency of the waves sent out from a transmitter remain constant.

### Purposes and Validity of 13 Claims of Patent 2,133,642

It is not disputed that when Pierce invented the oscillator he also invented a number of subsidiary electrical systems and endeavored to obtain a single patent but subsequently elected to accept separate patents.

The important characteristic of the oscillator was that with the aid of a piezoelectric crystal having only two electrodes, it was not necessary to rely upon mechanical feedback through a four-electrode crystal to obtain oscillations of a very high frequency such as are needed in radio transmission, and this was accomplished with the assurance that the oscillator will not oscillate except at that specific high frequency.

Since the validity of Patent 1,789,496 is not contested, the question simply posed requires a determination as to whether Patent No. 2,133,642 contains the same elements as Patent No. 1,789,496, and if this question is answered in the affirmative, the legal thesis of double patenting would apply which would make Patent No. 1,789,496 a predicate for the double patenting of No. 2,133,642.

Why do Claims 51, 52, 54, 55, 56 and 61 to 68, inclusive, of Patent 2,133,642 involve or relate to a scientific creation in the art which is not a distinct and separate invention from Patent No. 1,789,496?

It would be a waste of writer's ink to spell out and itemize the many marked similarities between the claims, uses and advantages that are set forth in the respective patents. A reference to each patent shows that Patent No. 2,133,642 when evaluated and read with Patent No. 1,789,496 discloses no invention separate and distinct in this most important area of scientific development.

Pierce in Patents Nos. 1,789,496 and 2,133,642 made only one distinctive contribution to the Progress of Science and Useful Arts.

Patent No. 1,789,496 contributed a device which stabilized the frequency of oscillations of an electric circuit. Without this device the patent would not have been granted. Pierce cannot extract this essential element and make it the basis of a subsequent patent, since the Pierce oscillator, the subject of Patent No. 2,133,642 rather than the production of a constant beat, is the essential distinguishing feature of Combination Patent 1,789,496.

Patent No. 2,133,642 relates to electrical systems in which a vacuum or radio tube circuit is caused to oscillate. The oscillations produced thereby result in alternating currents of electricity which, when the electric current is designed for transmitting purposes, flow in and out of an antenna thereby producing carrier waves.

It is important that the frequency of the oscillations of the electrical circuit remains substantially constant, especially when the oscillating circuit is used for radio broadcasting.

A constant transmitting frequency results in the clearer reception of the carrier waves by a receiver tuned to that particular transmitting frequency. Also by decreasing the danger of interference from unstable frequency transmitters, a constant transmitting frequency permits the assignment of a greater number of broadcasting stations.

The law does not permit a patentee to extract an essential element from a former patent without which the prior patent would not have been granted, and make said essential element the subject of a subsequent patent.

It is my considered judgment that plaintiff is not entitled to injunctive relief nor can a claim be supported on any

factual or legal thesis against the defendant since the thirteen claims of Patent No. 2,133,642 (51, 52, 54, 55, 56 and 61 to 68, inclusive) are invalid for double patenting when read with the Claims of Patent No. 1,789,496.

In view of this conclusion, the Court does not reach the second question—

Did the defendant infringe any or all of the thirteen claims of Patent 2,133,642 by manufacturing, using and selling electrical and electromechanical vibrator systems and apparatus including the Pierce oscillator?

An appropriate order is entered.

### Order

And now, this 15 day of June, 1961, summary judgment is granted in favor of the defendant, Aeronautical Communications Equipment, Inc., and against the plaintiff, Helen Russell Pierce, Executrix of the Last Will and Testament of George Washington Pierce, Deceased, as to all claims of Patent No. 2,133,642, and Patents Nos. 2,133,643, 2,133,645, 2,133,646, 2,133,648 and 2,266,070 together with costs.

Motion for summary judgment of the plaintiff, Helen Russell Pierce, Executrix of the Last Will and Testament of George Washington Pierce, Deceased, against the defendant, Aeronautical Communications Equipment, Inc., is refused as to all claims of Patent Numbers 2,133,642, 2,-133,643, 2,133,645, 2,133,646, 2,133,648 and 2,266,070.

### On Motion for Modification

On June 15, 1961, after a most thorough evaluation, study and review of the exhibits, documents, affidavits and arguments of counsel, the Court entered its opinion and judgment in this protracted patent litigation.

The matter presently before the Court is plaintiff's motion for modification of said opinion and order and requested rehearing, Federal Rules of Civil Procedure, Rules 52(b) and 59(c), 28 U.S. C.A.

I am satisfied that no useful purpose could be served for a reconsideration to be given of the many involvements and intricacies which exist from both a factual and legal standpoint. Most reflected judgment was given by the Court as to the respective theses of the parties and the conclusions reached are amply and fully supported by the stipulation of facts, the exhibits, and records as to claims 51, 52, 54, 55 and 61 through 68 of patent 2,133,642. An appropriate order will therefore be entered in which the motion for modification of the Court's opinion and order and for rehearing will be refused as to the aforementioned claims of patent 2,133,642.

Upon a review of the complete transcript of hearing, I am in accord with the position of plaintiff that it was not intended to withdraw from the Court's consideration the validity of claims 5, 9, 16, 22 and 23 of patent 2,133,646.

In approaching said adjudication, I have again reviewed all of the records, documents, exhibits, stipulations of the parties, and testimony incorporated as part of the record of this proceeding and must reach the conclusion that the five claims of patent 2,133,646 are void or invalid for double patenting under patent 1,789,496 which was an expired patent. No useful purpose could be served by setting forth in detail the nature and the basis of the patent which is being discussed since, in my judgment, the validity has been most learnedly and thoroughly considered by other Courts whose conclusions I am impelled to follow. The invalidity of the patent on the thesis of double patenting is therefore adjudicated on the basis of the following authorities: D.C.Mass., 159 F.Supp. 943; 1 Cir., 280 F.2d 278; and D.C.Del., 178 F.Supp. 84. (It is noteworthy, concerning the adjudication entered by the United States Court for the District of Delaware that an appeal was perfected from the decision of the trial judge to the United States Court of Appeals for the Third Judicial Circuit, during the pendency of which and before a determination was rendered, the plaintiff withdrew from the consideration of said Court the validity of all claims relative to patent 2,133,646.

Appropriate orders are entered.

### Order

And now, this 11 day of August, 1961, on motion of plaintiff for modification of the Court's opinion and order entered June 15, 1961, under the provisions of Rules 52(b) and 59(c), Federal Rules of Civil Procedure, and for rehearing as to claims 51, 52, 54, 55, and 61 through 68 of patent 2,133,642 is refused.

Order of summary judgment in behalf of the defendant as expressed in the Court's opinion of June 15, 1961 is re-affirmed. Order denying summary judgment in behalf of plaintiff against defendant as to claims 51, 52, 54, 55, and 61 through 68 of patent 2,133,642 is re-affirmed.

It is further ordered that claims 5, 9, 16, 22 and 23 of patent 2,133,646 are ripe for consideration and the claims of said patent are hereby decreed void for double patenting. Defendant's motion for summary judgment as to claims 5, 9, 16, 22 and 23 of patent 2,133,646 is hereby granted. Plaintiff's motion for summary judgment against the defendant as to claims 5, 9, 16, 22 and 23 of patent 2,-133,646 is refused.

